UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 22-21456-CIV-MORENO

SUNRISE OF CORAL GABLES PROPCO, LLC,

        Plaintiff,

vs.

CURRENT BUILDERS, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS AND DENYING JOINT MOTION FOR CASE MANAGEMENT CONFERENCE

    This case stems from a dispute on a construction project where Plaintiff, Sunrise of Coral Gables Propco, LLC claims Defendant Current Builders, Inc. wrongfully terminated the contract by walking off the job. Sunrise's complaint contains a claim for breach of contract and a request for declaratory relief. Current Builders moves to dismiss the breach of contract claim arguing that Sunrise failed to meet the conditions precedent to filing suit under the construction agreement. Because the Court finds Sunrise sufficiently pled that it complied with the contract's conditions precedent, the Court denies the motion to dismiss the claim. Whether Sunrise complied with those conditions is a factual issue best reserved for summary judgment or trial.

    Current Builders also moves to dismiss the claim for declaratory relief by arguing that it seeks an advisory opinion and is duplicative of the breach of contract. Because the claim is premised on the parties' actions under the contract, the Court disagrees that the claim requests an advisory opinion to guide the parties' future actions. The claim also seeks a different remedy

from the breach of contract, such that it is not duplicative. Accordingly the Court denies the motion to dismiss.

THIS CAUSE came before the Court upon Defendant Current Builders, Inc.'s Motion to Dismiss **(D.E. 8)** and the parties' Joint Motion for Case Management Conference **(D.E. 13)**.

THE COURT has considered the motions, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss is DENIED. Defendant shall file an answer to the complaint by **February 22, 2023**. It is also

**ADJUDGED** that the joint motion for case management conference is DENIED as moot. The Court will set the case for trial by separate order.

## I. Background

Plaintiff, Sunrise of Coral Gables Propco, LLC is the owner of a six-story assisted living facility. As the owner of the facility, Sunrise entered into a Guaranteed Maximum Price Construction Agreement. The Agreement sets forth the parties' respective rights and obligations, including claim and dispute procedures. Defendant, Current Builders, Inc. agreed that in the event of a dispute between the parties, it would continue work on the project subject to its right to submit a claim.

When the parties entered the Agreement on June 11, 2021, the Agreement contemplated a Limited Notice to Proceed in June 2021 and a full Notice to Proceed in December 2021. Following the Limited Notice to Proceed, Sunrise alleges Current Builders failed to timely pursue subcontractor and vendor awards. As late as December 13, 2021, Current Builders had not submitted subcontractor authorization packages for all disciplines. The Notice to Proceed

was not issued in December 2021, because the City of Coral Gables had not yet issued the building permit for the project.

On January 19, 2022, Current Builders sent Sunrise a letter regarding escalating costs on the project, requesting a change order in the amount of $2.5 million for the increased costs, and a separate change order to cover general conditions costs from December 13, 2021, until the issuance of the Notice to Proceed. In January 2022, the parties discussed these issues, but in February their negotiations went awry.

Sunrise contends that Current Builders failed to abide by the Agreement because on February 2, 2022, it unilaterally terminated the Agreement pursuant to § 14.1.2 of the General Conditions, wrongly claiming that the "entire work" had been suspended for more than 120 days. On February 4, 2022, Sunrise responded to the letter disputing Current Builders' right to terminate the construction contract and disputing the contention that work was suspended for 120 days. Sunrise also disputed Current Builders' claim that all work authorized by the Limited Notice to Proceed had been completed by October 2, 2022. Sunrise instructed Current Builders to proceed with the work pursuant to the terms of the Agreement. Current Builders stopped working and walked off the job. Sunrise also alleges that it reminded Current Builders that the Agreement contained provisions for resolving disputes and that Current Builders had a contractual duty to continue working pending resolution of any dispute. Current Builders also allegedly cancelled the parties' February 7, 2022, project meeting and asked Sunrise to remove Current Builders' name and license information from the building permit application. The complaint adds that Current Builders limited Sunrise's ability to access the construction management software called Procore.

On February 8, 2022, Sunrise issued a seven-day notice to cure as set forth in the Agreement. Current Builders failed to cure and did not return to work on the project. On February 10, 2022, Current Builders advised it would not continue work on the project. Sunrise terminated Current Builders for cause on February 16, 2022. After Sunrise's termination, Current Builders failed to comply with Sunrise's request that it return certain project-related documents to mitigate damages.

Sunrise's complaint asserts a breach of contract claim, and a request for declaratory judgment for Current Builders' abandonment of the project and wrongful termination and repudiation of the Agreement. Current Builders moves to dismiss arguing that Sunrise, as a condition precedent to filing suit, was required to submit a claim and conduct a meeting. Current Builders contends that the failure to comply with the dispute resolution proceedings requires dismissal. In addition, Current Builders argues that the claim for declaratory relief should also be dismissed because it requests an advisory opinion and is duplicative of the breach of contract.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. Legal Analysis

*A. Conditions Precedent*

Current Builders argues the complaint should be dismissed because Sunrise failed to comply with the dispute resolution procedures set forth in the express terms of the contract. In its view, Sunrise's failure to comply constitutes a waiver of claims. Specifically, Current Builders argues that Sunrise disputed its termination of the contract but did not comply with the contract's conditions before filing suit.

Section 4.3.2 of the General Conditions states that a party must provide written notice of its claim within 21 days after the event causing the claim or within 21 days after it recognized the claim. "Failure to comply with the written notice provision shall constitute a waiver of such claim." Section 4.3.1 of the General Conditions defines claim as:

> A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be initiated by written notice.

Section 4.3.2 adds that the claimant (Sunrise in this context):

> Shall provide the other party and the Architect: (1) a detailed description of the facts underlying the claim; (2) written documentation substantiating the claim; and (3) a detailed explanation of the effects of the event giving rise to the Claim on the Contract Sum and/or Time. Failure to adhere to the terms of this provision shall constitute a waiver of the Claim.

5

Current Builders argues that Sunrise failed to comply with the procedures of 4.3.2 and its failure to do so constitutes a waiver of its right to bring a breach of contract claim.

In addition to failing to comply with § 4.3.2's written notice requirement, Current Builders argues Sunrise failed to comply with the meeting requirement of § 4.4.1. That section reads that "[i]n the event either party makes a Claim, the parties shall meet within 30 days after the making of the Claim for the purpose of resolving the Claim. Either party may request that the Architect attend this meeting. Such meeting shall be a condition precedent to proceeding with litigation of the Claim."

A review of the Complaint reveals Current Builders' argument as unpersuasive. Sunrise expressly alleges that "[a]ll conditions precedent to bringing this action, if any, have been satisfied or have been waived or otherwise excused." Complaint at ¶ 81. "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *See Cardelle v. Scottsdale Ins. Co.*, No. 21-cv-24062, 2022 WL 196294, at *3 (S.D. Fla. Jan. 21, 2022) (denying motion to dismiss because the allegation in the complaint that "all conditions precedent have been met" was sufficient under Rule 9(c)); *Otto v. Seven Seas Cruises S. DE R.L., LLC*, No. 20-20188-CIV, 2020 WL 6122048, at *2-3 (S.D. Fla. Apr. 14, 2020) (finding allegation that "[a]ll conditions precedent to the filing of this action have been met or waived" satisfied Rule 9(c)). The Court finds the Sunrise's allegation at paragraph 81 sufficiently states that Sunrise complied with the contract's conditions precedent.

Even though Sunrise has alleged compliance with the conditions precedent, Current Builders argues the Complaint should be dismissed because the Plaintiff did not actually comply with them. That inquiry is not suitable for disposition on a motion to dismiss. *See Tikiz Franchising, LLC v. Piddington*, No. 17-60552-CIV, 2017 WL 8780760, at *2 (S.D. Fla. May 8,

2017) ("[W]hether or not Tikiz in fact fulfilled any necessary conditions precedent to filing suit is a question not suitable for disposition upon a motion to dismiss."); *Union Grp. Labs, LLC v. Span Enters., LLC*, No. 6:20-cv-610-Orl-78LRH, 2020 WL 6079177, at *2 (M.D. Fla. Sept. 9, 2020) ("Whether all conditions precedent have actually been satisfied is not a matter that is generally adjudicated at the motion to dismiss stage, where the Court must take the well pleaded allegations of the complaint as true."). So too here, whether Sunrise complied with the conditions precedent is an issue of fact; Sunrise's allegation in paragraph 81 that it met conditions precedent is sufficient to state a claim.

Finally, Current Builders argues that Sunrise waived the claim under the express waiver language of § 4.3.2 of the General Conditions. That section states that a failure to provide written notice constitutes a waiver of a claim. Again, the Court finds that Sunrise sufficiently alleges that it complied with the conditions precedent, including the written notice provision, such that the waiver language does not apply. Even if Sunrise's February 8th letter fails to provide the requisite notice that it is instituting the dispute resolution procedures, as Current Builders contends, the Court cannot make the factual determination on a motion to dismiss. Accordingly, the Court denies the motion to dismiss, but will review the matter on a complete record at summary judgment.

B. *Declaratory Judgment*

The declaratory judgment count requests the Court declare whether the parties' actions complied with the Agreement. Specifically, the claim alleges that Current Builders wrongfully terminated the contract and walked off the job. Sunrise disagrees with Current Builders' contention that because work was suspended for 120 days, it was authorized to walk off the job. Current Builders moves to dismiss arguing this count seeks an advisory opinion and is duplicative of the claim for breach of contract.

Declaratory relief is governed both by the Declaratory Judgment Act (28 U.S.C. § 2201) and Federal Rule of Civil Procedure 57. The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. A "case of actual controversy" means:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 734-35 (11th Cir. 2018) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). It is well-settled that federal courts do not have the power to "advise" parties about the lawfulness of potential actions that have not occurred.

The claim here is not hypothetical. Sunrise is not seeking an advisory opinion to guide future actions. Rather, this claim is premised on an actual controversy regarding the parties' rights and obligations under the Agreement and is based on actions they have already taken. Here, Sunrise is requesting a judicial declaration that Current Builders wrongfully terminated the Agreement and that Sunrise properly terminated the Agreement. This request is based on definite and concrete issues regarding the parties' interpretation of the contract and their past actions.

This begs the question as to whether this request for declaratory relief is duplicative of the breach of contract claim since it seeks a judicial declaration as to whether the parties acted in accordance with the contract. Although Federal Rule of Civil Procedure 8(d) allows claims to be pled in the alternative. Courts, however, have dismissed declaratory judgment claims as duplicative in certain contexts. A declaratory judgment claim may properly co-exist alongside a

8

breach of contract claim when it provides the plaintiff a form of relief unavailable under the breach of contract claim. *Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310-11 (S.D. Fla. 2010); *see also Aquadry Plus Corp. v. Rockhill Ins. Co.*, No. 19-62331, 2020 WL 927440, *2 (S.D. Fla. Feb. 26, 2020) ("Declaratory judgment claims may coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim."). "[T]wo concerns dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of contract claim and judicial economy." *Kenneth F. Hackett & Assoc., Inc.*, 744 F. Supp. 2d at 1310. Courts exercise their discretion to dismiss declaratory judgment claims that would be equally resolved by adjudication of the breach of contract, and allow forward-looking declaratory judgment claims to stand. *Id.* (allowing forward-looking declaratory judgment claim to stand because declaratory relief affected future payments or rate increases under the existing contract); *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577, 2011 WL 3843931, *4 (S.D. Fla. Aug. 26, 2011) (allowing declaratory judgment claim seeking relief that amounts to injunction to stand alongside a breach of contract claim that requests money damages).

A review of the Complaint shows that Sunrise seeks a judgment of $4 million for Current Builders' purported breach of the contract. The declaratory relief count states that a "judicial declaration of [Plaintiff's] rights under the Agreement is necessary in order for Sunrise to proceed as planned with the Project." In addition, Sunrise requests "[a] speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure to declare the parties' rights under the Agreement[.]" In seeking declaratory relief, Sunrise also states that Current Builders failed to return certain project materials (e.g., drawings, specifications, etc.) and control of specific

documents stored in the Procore software to Sunrise. These actions are preventing Sunrise from proceeding with the project in the most efficient way. The Court finds that the remedy that Sunrise seeks is sufficiently different from the remedy for breach of contract. Accordingly, the Court finds that Sunrise properly states a claim for declaratory relief and denies the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of February 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record