UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-CV-21456-MORENO/GOODMAN

SUNRISE OF CORAL GABLES PROPCO, LLC,

    Plaintiff,

v.

CURRENT BUILDERS, INC.,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ERRATA SHEET

In this breach of contract case, Plaintiff Sunrise of Coral Gables Propco, LLC ("Plaintiff") filed a motion to strike Current Builders Inc.'s ("Defendant") errata sheet ("the Motion"). [ECF No. 27]. United States District Judge Federico A. Moreno referred to the Undersigned any and all pretrial matters. [ECF No. 40].[1] The Motion seeks to strike Defendant's errata sheet for the Rule 30(b)(6) deposition given by its corporate designee.

---

[1] Judge Moreno's referral Order specifically requires the Undersigned's ruling to be consistent with 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of the Local Magistrate Judge Rules, both of which apply to non-dispositive motions. This, in turn, means that the Undersigned needs to issue an Order, rather than a Report and Recommendations (which would be for dispositive matters).

Defendant filed a response [ECF No. 32], and Plaintiff filed an optional reply [ECF No. 38].

For the reasons discussed below, the Undersigned **denies** Plaintiff's motion.

I. **Background**

Plaintiff owns a six-story assisted living facility. [ECF No. 20]. As the owner of the facility, Plaintiff entered into a Guaranteed Maximum Price Construction Agreement. The Agreement set forth the parties' respective rights and obligations, including claim and dispute procedures. In it, Defendant agreed that in the event of a dispute between the parties, it would continue working on the project subject to its right to submit a claim.

The Agreement contemplated a Limited Notice to Proceed in June 2021 and a full Notice to Proceed in December 2021. Following the Limited Notice, Plaintiff alleges that Defendant failed to timely pursue subcontractor and vendor awards. In December 2021, Plaintiff did not issue the Notice to Proceed because of the delay in receiving the necessary building permit from the City of Coral Gables.

The following month, Defendant sent Plaintiff a letter regarding escalating costs on the project. The discussions on costs led Defendant to terminate the Agreement. Plaintiff claims that Defendant unlawfully terminated the Agreement based on the included language. On February 8, 2022, Plaintiff issued a seven-day notice to cure, as set forth in the Agreement. Defendant failed to cure and did not return to work on the project. About a week later, Plaintiff terminated Defendant for cause. There are many

disputes regarding the Agreement but the one at issue here is related to Section 14.1.2. [ECF No. 27]. Section 14.1.2 permitted Defendant to terminate the Agreement under limited circumstances where, through no fault of Defendant: (i) repeated suspensions, delays or interruptions (ii) of the "entire Work" (iii) by Plaintiff "as described in § 14.3" (iv) constitute 120 days in any 365-day period. *Id*. The parties contest whether the "entire Work" was suspended for 120 days.

On June 28, 2023, the parties conducted the deposition of Defendant's corporate designee, President, and Chief Executive Officer, Michael Taylor ("Taylor"). On August 1, 2023, Defendant submitted an errata sheet, amending some of Taylor's responses (related to a subcontractor) from affirmative to negative. Defendant argues that Plaintiff's questions related to the subcontractor, All Webbs, confused Taylor because, while Defendant had a contract with All Webbs to drill dewatering wells, All Webbs *also* performed test drilling directly for the Plaintiff that was outside the scope of its work or its subcontract with Defendant. [ECF No. 32].

Plaintiff contends that Defendant's errata sheet materially alters Taylor's deposition testimony and requests for it to be stricken. It contends that the changes "fundamentally alter" Taylor's testimony "in a blatant attempt to escape the reality" of its performance under the contract and "are offered without good cause." [ECF No. 7-1, p. 1]. Moreover, the motion to strike brands the changes listed in the errata sheet as "patently false" and claims they are "belied by numerous" documents. *Id*. at 2.

As noted, Taylor's explanation for the changes is that he was confused. The specific grounds for the confusion are slightly different for each of the changed answers. [ECF No. 27-4, p. 3 (p. 377 of the transcript)].

In addition to signing the errata sheet under penalty of perjury, Taylor also signed an affidavit after the motion to strike was filed. [ECF No. 32-1]. The affidavit explains that he was confused with questions because a subcontractor did some work under the contract but did other work directly for Plaintiff which was not part of its subcontract. Taylor also explained that he reviewed Plaintiff's motion to strike and believes that the exhibits do not contradict his corrected testimony. In fact, he says that Plaintiff "mischaracterized" his corrections in its memorandum. Moreover, he contends that other documents confirm the accuracy of his corrections, and he pinpoints them as exhibits filed in support of a pending summary judgment motion.

Not surprisingly, in its Reply, Plaintiff argues that Taylor's explanations do not establish a "good reason" for the substantive changes in the deposition testimony.

## II. Legal Standard

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). Plaintiff's Motion requests we strike Defendant's errata sheet for the reasons discussed in the following section.

Rule 30(e)(1) of the Federal Rules of Civil Procedure governs errata sheets and provides that:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

The plain language of Rule 30(e) contemplates "changes in form or substance." *Id*.

In *Norelus v. Denny's, Inc.*, the Eleventh Circuit Court of Appeals found that the errata sheet at issue was problematic because of its length and that,

> making a slew of material changes to their client's deposition testimony was improper. (citing *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (upholding a district court's judgment to strike an errata sheet listing twenty-seven changes, noting that "Rule 30(e) is to be used for corrective, and not contradictory, changes"); *Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002) ("We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."); *Thorn v. Sundstrand Aerospace Corp.,* 207 F.3d 383, 388–89 (7th Cir. 2000) (explaining that an errata sheet effecting "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'"); *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D. La. 1992) ("[Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination."); *but see Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 103 (2d Cir. 1997) ("[T]he language of [Rule

5

> 30(e)] places no limitations on the type of changes that may be made, nor does [Rule 30(e)] require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing." (quotation marks and alterations omitted)); *Reilly v. TXU Corp.*, 230 F.R.D. 486, 487–90 (N.D. Tex. 2005) (reviewing the various approaches for interpreting the allowable scope of Rule 30(e) changes and ultimately adopting a broad interpretation "consistent with the plain language" of Rule 30(e), allowing any changes, "in form or substance" under Rule 30(e)); *cf. EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 268 (3d Cir. 2010) ("We therefore hold that when reviewing a motion for summary judgment, a district court does not abuse its discretion under Rule 30(e) when it refuses to consider proposed substantive changes that materially contradict prior deposition testimony, if the party proffering the changes fails to provide sufficient justification. At the same time, we emphasize that courts may, in their discretion, choose to allow contradictory changes (and implement the remedial measures discussed above) as the circumstances may warrant.").

628 F.3d 1270, 1281 (11th Cir. 2010).

"One circuit has gone so far as to call the creation of an errata sheet making substantive changes a 'foolish tactic.'" *Id*. at 1281-1282 (quoting *Thorn*, 207 F.3d at 388–89). However, even though the *Norelus* Court found the at-issue errata sheet improper, it did not make a ruling as to whether substantive changes could be made to deposition testimony. The Eleventh Circuit has yet to decide the at-issue question concerning Rule 30(e).

There are two approaches in looking at Rule 30(e): the narrow and the broad approach. "Courts adopting the narrow approach have determined that the purpose of 30(e) is to permit only the correction of typographical or transcriptional errors." *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 532 (S.D. Fla. 2009). These courts reason that:

6

> The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.* quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992); *see also* *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (holding that "Rule 30(e) is to be used for corrective, and not contradictory, changes"); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (finding that "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription").

But courts adopting the broad approach find that an errata sheet making substantive changes to a deposition is allowed under certain circumstances. In *Cultivos Yadran S.A.*, the Court looked to cases outside of Florida to illustrate the broad interpretation. 258 F.R.D. 530, 532 (S.D. Fla. 2009). In *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981), the district court observed that:

> The language of [ ] Rule [30(e)] places no limitations on the type of changes that may be made by a witness before signing his deposition. *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. at 340, nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes. Allowing a witness to change his deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure.

*Id*. *See also Podell v. Citicorp. Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (noting that the language of Rule 30(e) does not place limits on the types of changes that a deponent

7

can make to deposition testimony); *Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (W.D. Va. 2002) (finding that "the better reasoned decisions interpret [Rule] 30(e) broadly as to allow proposed deposition changes to be admitted into evidence").

Based upon a review of the caselaw and its analysis of the different approaches, the Undersigned will apply the broad approach to analyze the issue at hand. The broad analysis is straightforward and tethered directly to the unequivocal language of Rule 30(e). The rule specifically mentions changes "in form or substance." If substantive changes were not permitted because, for example, the answers were under oath, then the language in the rule would be superfluous and confusing. So the analysis is *not* which approach is based on more-compelling policy reasons -- that decision was already made by the United States Supreme Court, when it enacted the Rule with the "or substance" language. The language itself compels the use of the so-called broad approach.

The Undersigned finds that the approach should be described as the "text-based" approach. *See Maharaj v. GEICO Cas. Co.*, 996 F. Supp. 2d 1303, 1311 (S.D. Fla. 2014) (broad approach is more consistent with Rule 30(e)'s actual language); *Laning v. Orange Lake Country Club Inc.*, No. 614CV128ORL41GJK, 2015 WL 13790890, at *2 (M.D. Fla. Apr. 14, 2015) (finding that Rule 30(e) "plainly permits a deponent to make changes 'in form or substance' to their deposition transcript").

Like the court in *Maharaj*, the Undersigned agrees with the analysis of the Second Circuit in *Podell v. Citicorp Diners Club, Inc.*, when it noted that:

> Rule 30(e) allows deponents to make "changes in form or substance" to their testimony and to "append any changes [that are] made" to the filed transcript.... A deponent invoking this privilege must "sign a statement reciting such changes and the reasons given ... for making them," ... but "[t]he language of the Rule places no limitations on the type of changes that may be made[,] ... nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes"— even if those reasons "are unconvincing" ....
>
> At the same time, when a party amends his testimony under Rule 30(e), "[t]he original answer to the deposition questions will remain part of the record and can be read at the trial." ... "Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." ... This Court has recognized that because "[a]ny out-of-court statement by a party is an admission," a deponent's "original answer should [be] admitted [into evidence]" even when he amends his deposition testimony—with the deponent "[o]f course ... free to introduce the amended answer and explain the reasons for the change."

112 F.3d at 103 (2d Cir. 1997) (citations omitted).

**III. Analysis**

An errata sheet's purpose is to allow a deponent to make "changes in form or substance" to the deposition transcript within thirty days after being notified by the court reporting officer that the transcript is available. Any changes to a deponent's testimony within that timeframe is documented on an errata sheet, a "sign[ed] ... statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B).

Here, Defendant provided an errata sheet changing five instances of Taylor's testimony from the affirmative to the negative. [ECF No. 32]. Plaintiff argues that the errata sheet should be stricken because the changes materially alter and contradict Taylor's testimony. [ECF No. 27].

Plaintiff cites the Eleventh Circuit Court of Appeal's decision in *Norelus* as support for its request. [ECF No. 27]. However, as Defendant points out, the facts in *Norelus* are distinct from the instant case because in *Norelus*, Plaintiff's counsel submitted a sixty-three page "novella-length errata sheet" with 868 attempted changes. [ECF No. 32]. Here, Defendant submitted a single-page errata sheet with only five changes.

The Undersigned agrees with Defendant and notes that *Norelus* presents an extreme case of improper conduct. *Norelus*, 628 F.3d at 1286 ("Regardless of why the [attorneys] created the errata document and injected it into the case, their conduct was improper. Their actions are not the result of ineptitude.").

The remaining cases Plaintiff relies on are district court rulings which are not the law in the Eleventh Circuit. *See Georgia v. President of the United States*, 46 F.4th 1283, 1304 (11th Cir. 2022) ("[A] district court's decisions do not bind other district courts, other judges on the same court, or even the same judge in another case.") (citing *Camreta v. Greene*, 563 U.S. 692, 709, n.7 (2011)); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this circuit is bound by this court's decisions.").

The Eleventh Circuit affirmed one of Plaintiff's cited cases, *Reynolds v. Int'l Bus. Machines Corp*, 320 F. Supp. 2d 1290 (M.D. Fla. 2004). In *Reynolds*, the district court applied a narrow approach and disregarded the deponent's amendments because the deposition

10

did not reflect "any obvious confusion that would justify the material alterations the errata sheet attempts to make to his original testimony." *Id*. at 1301. However, even though the Eleventh Circuit affirmed the district court's decision in *Reynolds* in a "decision without reported opinion," 125 F. App'x 982 (11th Cir. Dec. 3, 2004), it is still not binding precedent. *See Cultivos Yadran S.A.*, 258 F.R.D. at 533 ("Other courts in this Circuit have declined to follow *Reynolds* noting that the Eleventh Circuit's summary affirmance of the district court's opinion is not binding precedent.").

In fact, the *Reynolds'* affirmance expressly notes on the first page that: "The Eleventh Circuit provides by rule that unpublished opinions are not considered binding precedent. They may be cited as persuasive authority, provided that a copy of the unpublished opinion is attached to or incorporated within the brief, petition or motion. Eleventh Circuit Rules, Rule 36-2, 28 U.S.C.A."[2]

---

[2] The current version of Eleventh Circuit Rule 36-2, entitled "Unpublished Opinions," provides: An opinion shall be unpublished unless a majority of the panel decides to publish it. Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority. If the text of an unpublished opinion is not available on the internet, a copy of the unpublished opinion must be attached to or incorporated within the brief, petition, motion, or response in which such citation is made. *But see* I.O.P. 7, Citation to Unpublished Opinions by the Court, following this rule.

I.O.P. 7, entitled "Citation to Unpublished Opinions by the Court, provides: "The court generally does not cite to its 'unpublished' opinions because they are not binding precedent. The court may cite to them where they are specifically relevant to determine whether the predicates for res judicata, collateral estoppel, or double jeopardy exist in the case, to ascertain the law of the case, or to establish the procedural history or facts of the case."

Additionally, the *Reynolds* and *Norelus* decisions that Plaintiff relies on "do not squarely set forth the standard regarding changes under Rule 30(e) at the motion to strike stage." *De Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2022 WL 2304513, at *4 (S.D. Fla. June 27, 2022). Therefore, *the jury is still out* on whether the Eleventh Circuit follows the broad or narrow approach and whether there are any requirements regarding the acceptance of an errata sheet.

As explained by the Eleventh Circuit in *Norelus*, "the language of [Rule 30(e)] places no limitations on the type of changes that may be made, nor does [Rule 30(e)] require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing." 628 F.3d at 1281 (quoting *Podell*, 112 F.3d at 103).

The Undersigned, using the "text-based" approach, finds that Defendant's errata sheet is permissible under Rule 30(e), and will not examine the "sufficiency, reasonableness, or legitimacy of the reasons for the changes." *Id.* The number of changes is relatively modest. The scenario here is nowhere near the extreme circumstances present in *Norelus*. Moreover, Taylor has also submitted an affidavit and referenced supporting exhibits.

It is hardly surprising that Plaintiff argues the absence of a good reason for the change. There is, to be sure, a strident factual dispute about whether these five changed

12

answers are supported by a good reason. In the Undersigned's view, the reasons for the changes are plausible enough.

Therefore, the Undersigned denies Plaintiff's request to strike Defendant's errata sheet.

However, Plaintiff may still raise the issue at trial because Taylor's original answers shall remain a part of the record. "'[A]ny out-of-court statement by a party is an admission,' a deponent's "original answer should [be] admitted [into evidence]' even when he amends his deposition testimony—with the deponent '[o]f course ... free to introduce the amended answer and explain the reasons for the change.'" *Podell*, 112 F.3d at 103 (quoting *Usiak v. New York Tank Barge Co.,* 299 F.2d 808 (2d Cir. 1962)).

Therefore, to the extent that Plaintiff believes Taylor's corrections are "patently false" or otherwise problematic, it will have ample opportunity to vigorously cross-examine him at trial and try to convince a jury that the changes are bad faith efforts to simply change his testimony without a good faith basis to do so.

Maybe it will succeed with that strategy. Maybe it won't. That's what credibility contests are about. Taylor has been painted here as either a blatant liar or a deponent who became confused over a few questions and came up with what he deems logical reasons for his confusion. His credibility is at stake, and that "is the stuff of which jury trials are made." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013).

**IV.     Conclusion**

For the reasons stated herein, the Undersigned **denies** Plaintiff's motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 5, 2023.

                                              Jonathan Goodman
                                              UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record